

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1:19-CR-200 |
| | ) |
| LAWRENCE ROBERT GAZDICK JR. | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The United States and the defendant, LAWRENCE ROBERT GAZDICK JR., stipulate that the allegations in the Criminal Information and the following facts are true and correct. The United States and the defendant further stipulate that had the matter gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

### I. Introduction

1. Defendant LAWRENCE ROBERT GAZDICK JR. ("GAZDICK") resided in Ashburn, Virginia within the Eastern District of Virginia.

2. From in or about 2013 through the present, Defendant Gazdick owned and operated an equipment rental business located in Dulles, Virginia within the Eastern District of Virginia.

3. GAZDICK conducted the business using multiple names, including National Technology Rentals, NTL Technology Leasing Services, AV Rental Solutions, and others. At times, GAZDICK would register the business as a corporation or limited liability company in various states, including Virginia, New Jersey and Pennsylvania. GAZDICK also used some

1

business names that were not corporations or limited liability companies; but were very similar to names of entities that were registered

4. GAZDICK employed approximately 70 to 100 employees, during any given quarter, from 2013 to the present to work at the equipment rental business. GAZDICK was also in charge of the hiring, firing, and all payroll decisions.

5. Between in and around 2013 and the present, GAZDICK maintained approximately 52 bank accounts at 9 different banks. The accounts were held in the various business' names. At all times, GAZDICK had complete control over the equipment rental business' finances and had signature authority on all business bank accounts.

6. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the federal tax laws of the United States.

7. The Federal Insurance Contribution Act ("FICA") requires employers to withhold from employees' paychecks Medicare and Social Security taxes. The Internal Revenue Code also requires employers to withhold federal income taxes. Collectively, these withheld taxes will be referred to as "trust fund taxes." Separately, employers are required to pay an employer portion of Medicare and Social Security taxes. The trust fund taxes along with the employer's portion of taxes will collectively be referred to as "payroll taxes."

## II. Criminal Conduct

8. As GAZDICK knew, employers are required to pay over the trust fund taxes to the IRS on a periodic basis. Employers were also required to file with the IRS, on a quarterly basis, an Employer's Quarterly Federal Income Tax Return, Form 941. The Form 941 is due at the end of the month following the end of each calendar quarter and reports the total amount of

wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of FICA taxes withheld, and the total tax deposits or payments due.

9. As the owner and operator of the equipment rental business, GAZDICK was the "responsible person," that is, he had the responsibility to collect, truthfully account for, and pay over trust fund taxes.

10. GAZDICK withheld and collected trust fund taxes from his employees, but failed to file Forms 941 with the IRS and failed to pay the trust fund taxes to the IRS. Specifically, from 2013 through 2018, GAZDICK failed to pay approximately $3.874 million of trust fund taxes. Additionally, GAZDICK failed to a pay approximately $1.477 million of the employer's portion of the Social Security and Medicare taxes. In total, approximately $5.35 million of payroll taxes were not paid to the IRS.

11. During the fourth quarter of the year 2017, ending December 31, 2017, GAZDICK withheld and collected from the total taxable wages of his employees, federal income taxes and FICA taxes in the approximate amount of $259,814, and did willfully fail to timely file an Employer's Quarterly Federal Income Tax Return, Form 941, for the fourth quarter of the year 2017, and did willfully fail to pay over to the IRS the federal income taxes and FICA taxes withheld and due and owing to the United States of America for the quarter ending December 31, 2017, in the approximate amount of $259,814.

12. However, between 2013 and 2018, GAZDICK withdrew approximately $539,000 of cash from ATM machines and wrote checks to cash totaling $596,000. Additionally, GAZDICK spent the money at least, in part, for his own personal benefit.

13. In addition to failing to file Forms 941s, since 2013, GAZDICK has not filed any corporate income tax returns, Forms 1120, or partnership income tax returns, Forms 1065, for the business. Since at least 2000, GAZDICK has not filed any personal income tax returns, Forms 1040.

14. Further, GAZDICK was responsible for providing his employees with health insurance. Over the life of his business, GAZDICK maintained health insurance with various insurance providers. In or around July 2016, GAZDICK entered into a contract with Kaiser Permanente ("Kaiser") for purposes of providing health insurance coverage to his employees.

15. Consistent with that contract, GAZDICK agreed to pay premiums to Kaiser for the insurance. However, GAZDICK failed to pay the premiums and continued to provide Kaiser with false and fraudulent representations about why he could not pay his premiums, including claiming that he was in litigation against an employee who embezzled from him when, as GAZDICK knew, no such litigation existed. GAZDICK frequently claimed that payment would be imminent when, as GAZDICK knew, he did not make the payments as he promised. In total, 213 claims for GAZDICK's employees were submitted to Kaiser and GAZDICK failed to pay premiums to Kaiser in the amount of $204,322.22.

16. On or about November 1, 2018, law enforcement executed a search warrant at GAZDICK's business and recovered a firearm under GAZDICK's desk, specifically a .357 Ruger revolver with serial number 574-79539. The firearm was loaded with four rounds of ammunition. In addition, law enforcement recovered an empty firearm case and two boxes of ammunition. GAZDICK admitted to possessing the firearm.

17. On or about November 1, 2018, the defendant, a person who has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm, in violation of Title 18 United States Code, Section 922(g)(1).

18. At the time of the offense, the defendant knew his status as a convicted felon prohibited from possessing a firearm.

**III. Conclusion**

19. The defendant engaged in the conduct described above willfully and knowingly and not because of accident, mistake, or other innocent reason.

20. The statement of facts includes those facts necessary to support a plea agreement between the defendant and the United States. It does not include every fact known to the defendant or to the United States and it is not intended to be a full enumeration of all the facts surrounding the defendant's case.

Respectfully submitted,

G. ZACHARY TERWILLIGER
United States Attorney

Jamar K. Walker
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700

Kimberly Shartar
Special Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700

Defendant's Stipulation and Signature

After consulting with my attorney and pursuant to the plea agreement I entered into this day with the United States, I hereby stipulate that the above statement is true and accurate. I further stipulate that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 7-2-2019

LAWRENCE GAZDICK
Defendant

Defense Counsel's Signature

I am Lawrence Gazdick's attorney. I have carefully reviewed the above statement of facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 7.2.2019

JAMES H RODIO
Counsel for Defendant

6